# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL D. SMITH,<br><br>      Plaintiff,<br><br>      v.<br><br>D. GOSS, et al.,<br><br>      Defendants. | Case No.  1:14-cv-01308-BAM-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint, filed August 21, 2014.

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 5, 2014. (ECF No. 5.)

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections (CDCR) and Rehabilitation at Kern Valley State Prison, brings this civil rights action against the following individual defendants employed by the CDCR at Kern Valley: Facility Captain D. Goss; Correctional Officer (C/O) Rodriguez; Correctional Counselor K. Berry.  Plaintiff sets forth claims of retaliation in violation of the First Amendment, failure to protect in violation of the Eighth Amendment, and a violation of his privacy in violation of the Fourth Amendment.

Plaintiff alleges that on March 19, 2013, he was scheduled to go before the Institution Classification Committee (ICC).  The committee was comprised of the three Defendants.  Plaintiff was asked what his plans were for his assignment.  Plaintiff told them that he wanted to be assigned to another trade.  Counselor Berry told Plaintiff that pursuant to CDCR policy, he

had to be assigned to school because he did not have a GED.  Berry placed Plaintiff temporarily on the general worker's list.  In response to a question from Defendant Goss whether there were any more problems, Plaintiff told Goss that there was an ongoing Institutional Gang Investigation Unit (IGI) investigation concerning Plaintiff.  Plaintiff told Goss that investigators have been monitoring Plaintiff by listening to Plaintiff via the speaker in his cell.  Plaintiff alleges that "anything that is said or done from the inside of my cell is completely being heard over tier by inmates as well as investigators as a way of monitoring plaintiff." (Compl. p. 6.)  Capt. Goss said he would look into it.

Plaintiff returned to his cell and engaged in his daily activities of reading and writing.  Plaintiff alleges that he could hear any noise that he made in his cell broadcast over the speaker in the housing unit.  Plaintiff alleges that Defendant Rodriguez and an unidentified IGI liaison officer did this in order to violate Plaintiff's rights.   Plaintiff also alleges that Defendant Rodriguez and unnamed officers "continue to agitate" Plaintiff in retaliation for an earlier lawsuit involving retaliation claims against CDCR officers while Plaintiff was housed at Mule Creek State Prison.  (Id. p. 7.)   Plaintiff also alleges that "they decided to agitate plaintiff over over loudspeaker start talking to him and daily putting psych meds in his food to possible take plaintiff out of his normal state of mine [sic] to possible make their ongoing investigation on him and charge him by giving him a disciplinary (CDCR) 115 charges and possible lock him in adseg all while plaintiff is inside his cell writing to the federal courts the 42 U.S.C. 1983 he now has pending while heard over loud speaker." (Id. p. 9.)

Plaintiff also alleges that Defendant Rodriguez and others, while Plaintiff was waiting in his cell before being sent out to the hospital, played over the loudspeaker audio and video recordings of Plaintiff while he was housed at Mule Creek State Prison.  Plaintiff alleges generally that the "retaliatory investigation" continued for several months.  Plaintiff alleges that during the investigation, Capt. Goss was made aware that Plaintiff's rights were being violated by Defendant Rodriguez.

# III.

# DISCUSSION

### A. Eighth Amendment

The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 844 (1994). A prison official violates this duty when two requirements are met. Id. at 834. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." Id. Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate health or safety." Id. at 834, 839-40 (internal quotation marks omitted). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Deliberate indifference is "something more than mere negligence," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." Id. at 842.

Here, Plaintiff fails to allege any facts indicating that any of the Defendants knew of a specific harm to Plaintiff and disregarded that harm. In order to hold an individual defendant liable, Plaintiff must allege facts indicating that the individual knew of an objectively serious harm to Plaintiff and disregarded that harm. That Plaintiff may have been in fear of harm does not subject an individual to liability. Plaintiff must allege some fact or facts from which an ordinary person could draw an inference that Plaintiff was in danger of harm. Plaintiff has not alleged any such facts. Plaintiff's Eighth Amendment claim should therefore be dismissed.

### B. Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements:" "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

4

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Cartier, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 169 (9th Cir. 2009).

The Court finds Plaintiff's allegations to lack sufficient factual support.  Plaintiff alleges generally that Defendants are "agitating" him in retaliation for an earlier lawsuit Plaintiff filed while at Mule Creek State Prison.  Plaintiff does not allege any facts to support his conclusory allegation that Defendants' conduct is in any way connected with Plaintiff's litigation activity. That Plaintiff believes that Defendants are broadcasting Plaintiff's cell activity does not subject them to liability for retaliation.  Further, Plaintiff does not indicate how his First Amendment activity has been curtailed, or otherwise impinged upon.  Plaintiff's retaliation claim should therefore be dismissed.

**C.     Fourth Amendment**

Prisoners have no Fourth Amendment right of privacy in their cells.  See Hudson v. Palmer, 468 U.S. 525-26 (1984); Mitchell v. Dupnik 75 F.3d 517, 522 (9th Cir. 1996); Portillo v. U.S. Dist. Court, 15 F.3d 819, 823 (9th Cir. 1994)(per curiam); Nakao v. Rushen, 766 F.2d 410, 412 (9th Cir. 1985); see also Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010)(recognizing a right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the continual surveillance of inmates and their cells required to ensure security and internal order).  Plaintiff cannot therefore state a claim for relief for a violation of privacy based upon alleged surveillance activity.  Plaintiff's Fourth Amendment claim should therefore be dismissed.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

1  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed August 21, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **February 16, 2016**         /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE